# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv282

| | |
|---|---|
| WAYNE TAYLOR, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion to Remand Case for Consideration of New and Material Evidence (#19). In its response, the government has shown that such material is not "new" inasmuch as it was previously and explicitly considered by the Appeals Council, and that any "new" evidence submitted to this court for the first is not "material" inasmuch as it failed to relate to the period considered by the ALJ. Having carefully considered such pleadings and arguments as have been made, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.    Evidence Previously Considered by the Appeals Council is not New**

The Appeals Council did not ignore the evidence from Dr. Gloor, the Buncombe County Health Center, and Dr. Fleischer. Instead, the Appeals Council, when denying Plaintiff's request for review of the ALJ's decision, evaluated that

evidence and concluded that the evidence, although new, was not material, since it did not concern the period on or before the date of the ALJ's decision, and returned that evidence to plaintiff. The Appeals Council held, as follows:

> We also looked at a psychological assessment from Paul Fleischer, Psy. D., dated July 5, 2005, an affidavit dated July 14, 2006 from Richard Gloor, D.O., an affidavit dated July 11, 2006 from V. Gale Tomlinson, and medical records from Buncombe County Health Center dated July 6, 2005 to March 7, 2006.3/ The Administrative Law Judge decided your case through April 29, 2005. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 29, 2005.
>
> If you want us to consider whether you were disabled after April 29, 2005, you need to apply again. We are returning the evidence to you to use in your new claim. (Tr. 9).

Thus, the evidence now presented to this court is not "new" in that it was unequivocally considered by the Appeals Council. Thus, there simply is no basis for remand.

As to whether the Appeals Council properly considered such evidence, that issue is not, from what the court can discern from plaintiff's motion, now before the court and the issue of remand for alleged non-compliance with the requirements of 20 C.F.R. § 404.970 would be better addressed in the context of a summary judgment argument.

**II.    "New" Evidence Submitted for the First Time to This Court**

Plaintiff has also submitted in the first instance to this court with his Motion for Remand a January 30, 2007, consultative psychological evaluation performed by Dr. Dennis Hoogerman. This evaluation was submitted pursuant to plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) that were subsequent to the claim involved in this case.

Dr. Hoogerman's evaluation stated that plaintiff had a moderately severe limitation in his ability to perform simple and repetitive tasks. Plaintiff argues that this case should be remanded to the Appeals Council so that Dr. Hoogerman's consultative psychological evaluation can be considered and included in the administrative record.

Plaintiff contends that remand is appropriate based on evidence which he contends is both new and material. The sixth sentence of 42, United States Code, Section 405(g) provides:

> The court may, . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id.

In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[1] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). While it appears that such evidence is

---

[1] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

new, it does not appear that there is a reasonable possibility that had such evidence been available to the ALJ there would have been a different outcome.

Here, the evidence Plaintiff attempts to submit, although "new", does not meet the standard for a remand pursuant to Sentence Six of 42 U.S.C. section 405(g), since that evidence is not "material", because it is dated January 30, 2007, and, as a result, unrelated to the ALJ's decision that Plaintiff was not disabled as of April 29, 2005. Specifically, Dr. Hoogerman's January 30, 2007, consultative psychological evaluation only referred to the period prior to April 29, 2005, during the recitation of plaintiff's medical, psychiatric, personal, family, and social histories, and he based his opinions and findings regarding plaintiff's mental status as of that date. Indeed, Dr. Hoogerman provided that the "diagnoses and conclusions reported herein reflect [Plaintiff's] condition at the time of the evaluation", which was January 30, 2007, as stated above. See Pl's. Motion for Remand at 3. The new evidence Plaintiff submitted to this Court in the first instance is not "material", thereby making remand for consideration of that evidence unwarranted.

\* \* \*

Respective counsel are advised that the undersigned will no longer consider motions to remand or motions to stay pending such motions that are made separate and apart from the cross Summary Judgment motions required by the Pretrial Order. Clearly, any such motions can be made as part of a summary judgment argument. Due to the submission of material that is not truly new, such process has resulted in

inefficient case administration and will likely result in duplicative review of the administrative record.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Remand Case for Consideration of New and Material Evidence (#19) is **DENIED**.

Signed: June 1, 2007

Dennis L. Howell
United States Magistrate Judge